IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY J. MATHENY, | No. C 10-4123 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| RANDY GROUNDS, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at Soledad State Prison in Soledad, California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

## STATEMENT

In 1993, petitioner pled guilty to one count of second-degree murder, and he was sentenced to a term of fifteen years to life in state prison. In 2009, the Board found petitioner unsuitable for parole. Petitioner challenged this decision in unsuccessful habeas petitions filed in the California courts

## ANALYSIS

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1  custody pursuant to the judgment of a State court only on the ground that he is in custody in
2  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*
3  *v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading
4  requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ
5  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
6  court must "specify all the grounds for relief which are available to the petitioner ... and shall
7  set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of
8  the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not
9  sufficient, for the petition is expected to state facts that point to a 'real possibility of
10 constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
11 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that (1) the denial of parole violated his plea agreement; (2) the denial of parole violated his right to due process because it was not based on sufficient evidence of his unsuitability; and (3) the denial of parole violated various provisions of the California Penal Code and California regulations. The claims based upon state law are not cognizable, as federal habeas relief is only available based upon the violation of federal law. *See* 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Petitioner's other claims, when liberally construed, are cognizable.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously

1  and that are relevant to a determination of the issues presented by the petition.

2      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
3  court and serving it on respondent within thirty days of the date the answer is filed.

4      3.  Respondent may file, within ninety days, a motion to dismiss on procedural grounds
5  in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
6  Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the
7  court and serve on respondent an opposition or statement of non-opposition within thirty days
8  of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
9  reply within fifteen days of the date any opposition is filed.

10     4.  Petitioner is reminded that all communications with the court must be served on
11 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must
12 keep the court informed of any change of address and must comply with the court's orders in a
13 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
14 pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772
15 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

16 **IT IS SO ORDERED.**

18 Dated: October   28  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

25 G:\PRO-SE\WHA\HC.10\MATHENY4123.OSC.wpd

3