IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY J. MATHENY, | No. C 10-4123 WHA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| RANDY GROUNDS, | |
| Respondent. | (Docket No. 4) |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the denial of parole by the California Board of Parole Hearings ("Board"). Respondent has filed a motion to dismiss the petition for failing to state a valid claim for federal habeas relief, and petitioner has filed an opposition. For the reasons discussed below, the motion is **GRANTED**.

## STATEMENT

In 1993, petitioner pled guilty to one count of second-degree murder, and he was sentenced to a term of fifteen years to life in state prison. In 2009, the Board found petitioner unsuitable for parole. Petitioner challenged this decision in unsuccessful habeas petitions filed in the California courts

## ANALYSIS

Petitioner has two remaining claims for federal habeas relief. He argues that the denial of parole violated his right to due process because it was not based on sufficient evidence of his

unsuitability. For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862. The transcript of the parole hearing shows that petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The constitution does not require more. *Ibid.* The court in *Swarthout* explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, petitioner's first claim fails to state a cognizable claim for relief.

      Petitioner's other remaining claim is that the denial of parole violated his plea agreement because it is in effect treating him as if he had been convicted of first-degree murder. To begin with, it is unclear whether since *Swarthout* there is any constitutional basis for such a claim because *Swarthout* limited due process protections to an explanation for the parole denial and an opportunity to speak, *see ibid.*, and no other constitutional violation is alleged. In any event, the denial of parole did not "breach" the plea agreement. The agreement called for a second-degree murder sentence, which is fifteen years to life in state prison (Pet. 3), and that is what petitioner received. Although petitioner contends he is being punished as if he had pleaded to first-degree murder, he in fact is receiving the parole considerations that his fifteen-to-life sentence entitles him. First-degree murder is punishable by death, life without parole, or a term of twenty-five years to life. Cal. Penal Code § 190(a). If petitioner had been convicted of first-degree murder, he would not even yet be receiving consideration for parole. This claim is also without merit.

//

//

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (docket number 4) is **GRANTED** and the case is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 3, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\MATHENY4123.MTD.wpd

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28